## MERCIER *a.* PEARLSTONE.

*New York Superior Court; Special Term, October,* 1858.

### SERVICE OF AMENDED COMPLAINT.

Section 146 of the Code,—requiring an amended complaint to be served on the defendant—is to be construed by section 417,—requiring service of papers to be made on the attorney, if a party has an attorney ;—and where a defendant has appeared by attorney, an amended complaint is to be served on the attorney, and not on the defendant personally.

A judgment, entered as upon failure to answer an amended complaint, which was served on the defendant personally, after he had appeared by attorney, is irregular, and should be set aside on motion of the defendant.

Motion to vacate judgment.

The facts are stated in the opinion.

PIERREPONT, J.—The plaintiff commenced his action by personal service of the summons and complaint upon the defendant, who afterwards duly appeared by attorney. Before the expiration of 20 days the plaintiff amended his complaint, and served it as amended upon the defendant, after he had appeared by attorney. Upon this amended complaint judgment was entered by default, more than 20 days after its service upon the defendant. The defendant moves to set aside the judgment as irregular, alleging various grounds of irregularity; and among others, that no service of the amended complaint was made upon the defendant's attorney.

The Code (§ 146) says : " If the complaint be amended, a copy thereof must be served on the defendant." Section 417, chap. 11, reads : " Where a party shall have an attorney in the action, the service of papers shall be made upon the attorney, instead of the party."

The sections thus read seem wholly inconsistent; and the plaintiff insists that " *the papers*" mentioned in the latter section, the service of which must be made upon the attorney, are such papers only as follow the service of the amended complaint.

Section 408 of the same chapter reads thus: " Notices shall be in writing; and notices and other papers may be served on *the party or attorney*, in the manner prescribed in the next three sections, *when not otherwise provided by this act.*" " The next three sections" prescribe the *manner* of service upon the *party or attorney*. But the same chapter of the act provides " *otherwise*" (§ 417), where there is an attorney, and requires that the service shall be made upon him.

I have no doubt that the Legislature intended that where an attorney had appeared in an action, that all the subsequent papers should be served upon him. Such was the rule before the Code, and I find no indications of an intent to alter it.

After the plaintiff had served the defendant, who had appeared by attorney, he might have amended his complaint, and served it upon the attorney, and service upon the defendant personally was not necessary. If we are to construe the statute so as to require every amended complaint to be served personally upon the defendant, then no amended complaint could ever be served upon a defendant who had removed from, and remained out of, the jurisdiction of this court.

I am clearly of opinion that the judgment is irregular, and must be set aside. As this disposes of the motion, the other alleged irregularities need not here be considered.